# Nwokoro & Scola, Esquires
## Attorneys At Law

30 Broad Street, Suite 1424, New York, New York 10004
Phone: (212) 785-1060          Fax: (212) 785-1066
Email: emekanwokoro101@yahoo.com

June 4, 2018

**BY ECF:**
Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

                Re: United States v. Coleman (Leibys Mercedes)
                7:17-CR-419 (KMK)

Your Honor:

     I write on behalf of the defendant, Leibys Mercedes, to move the court, pursuant to Local Civil Rule 1.4, for an order substituting Bruce D. Koffsky, Esq., of Koffsky & Felsen, LLC, with the undersigned, Chukwuemeka Nwokoro of Nwokoro & Scola, Esquires, as counsel of record for defendant Leibys Mercedes, and for an order adjourning the trial currently scheduled to commence on June 11, 2018, to a date convenient to the court and all parties but sufficient to enable new counsel review the file and prepare for trial.

     On May 29, 2018, at a conference scheduled upon Mr. Koffsky's motion to withdraw as counsel, the court was willing to allow the substitution but denied defendant's motion for an adjournment of the trial to enable new counsel review the file and prepare for trial. Since the undersigned could not review the file and prepare for trial within the time afforded, and in any case, was un-available for the trial on June 11, 2018 due to having been previously engaged to commence trial in another matter venued in the District of Massachusetts, a substitution of counsel could not be effected and as a consequence Mr. Koffsky still represents the defendant in this matter. By this motion, defendant now asks the court to reconsider.

     Since the Court's ruling, defendant has written to the court stating that he is dissatisfied with Mr. Koffsky's representation and alleging that he has not been afforded effective assistance of counsel.

The court's decision whether or not to grant a continuance implicates defendant's Sixth Amendment right to counsel and this motion should be granted in accordance with the Sixth Amendment. The Sixth Amendment provides that *"in all criminal prosecutions, the accused shall enjoy the right………. to have the assistance of counsel for his defense"*. This includes the right to a reasonable opportunity to select counsel and be represented by selected counsel, see Faretta v. California, 422 U.S. 806 (1975), as well as the right to a preparation period sufficient to ensure minimal quality of counsel, see Glasser vs. United States, 315 U.S. 60, 70 (1932). The Supreme Court established in Wheat v. United States, 486 U.S. 153, at 159, (1988), that the Sixth Amendment guarantee of "the assistance of counsel" encompasses the right to choose one's particular attorney and in United States v. Gonzalez-Lopez, 126 S. Ct. 2557, at 2565 (2006) the Supreme Court held that the erroneous denial of a criminal defendant's counsel of choice warrants automatic reversal of his conviction. The Second Circuit has held that the defendant's choice of counsel is of constitutional dimensions and should not be unnecessarily obstructed by the court. See United States v. Curcio, 694 F. 2d 14, 23 (2d Cir.). Accordingly, defendant pleas the court to allow the substitution of counsel and to adjourn the trial to give new counsel sufficient time within which to review the file and prepare for trial.

This is defendant's first motion for an adjournment of the trial and second motion to be allowed to substitute Mr. Koffsky with Mr. Nwokoro. The government has taken no position on this motion. Mr. Koffsky's consents to the motion.

Respectfully submitted,

_____
Chukwuemeka Nwokoro

cc: By ECF:
Celia Cohen AUSA, Samuel Raymond, AUSA
Bruce D. Koffsky, Esq.