UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA :
: 
: DN:  7:17CR419 (KMK)
V. :
:
: June 5, 2018
LEIBYS MERCEDES :

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SUPERSEDING INDICTMENT

The Defendant, LEIBYS MERCEDES, through undersigned counsel, respectfully submits this Memorandum of Law in support of his motion to strike the Superseding Indictment that the government has filed this very day, or in the alternative, to grant the defendant a continuance of trial.

### STATEMENT OF RELEVANT FACTS

This case began approximately 11 months ago with the filing of an Indictment against the defendant and others, charging the defendant with participating in a drug conspiracy to distribute heroin in the Southern District of New York and elsewhere "[f]rom at least in or about February 2017 up to an including in or about June 2017."  On July 6, 2017, the defendant was presented before a magistrate-judge, entered pleas of not-guilty to the Indictment and was ordered detained pending resolution of the prosecution.  On October 4, 2017, a status conference was held before this Court and a motions schedule was set.

On February 1, 2018, another status conference was held and this Court issued the following Order:

"Trial of this case will begin on June 4, 2018, at 9:30 A.M. The Government shall produce to Defendants pre-marked exhibits it intends to introduce as part of its case-in-chief at trial by April 20, 2018. The Government shall produce to Defendants any evidence it will seek to introduce at trial pursuant to Federal Rule of Evidence 404(b) and an accompanying Memorandum of Law by April 20, 2018. Defendants shall file their responses to the Government's 404(b) motion by May 11, 2018. The Government shall file its reply by May 18, 2018. Requests to charge and proposed voir dire are due by April 27, 2018. Defendants shall file motions in limine by May 11, 2018. The Government shall respond to any in limine motions by May 18, 2018. Failure to object to any exhibits marked by the Government will waive any subsequent objections. The Government shall produce to Defendants any material pursuant to 18 U.S.C. § 3500 by May 18, 2018. The Court will hold a final pre-trial Conference on May 23, 2018 at 10 A.M. Time is excluded from the Speedy Trial Act until June 4, 2018, in the interests of justice, as explained on the record of February 1, 2018."

(See Docket Entry 41.)

The defendant complied with the Court's scheduling order and filed pretrial motions in preparation for trial which was scheduled to commence on June 4, 2018. As the Court is currently engaged in an ongoing and protracted civil trial, the parties to this action were informed that the defendant's trial had to be continued to June 11, 2018 to allow for the completion of the ongoing matter.

Now, at the 11th hour, nay past the 11th hour, the government has seen fit to file a superseding indictment. This Superseding Indictment is not based on any newly discovery evidence, or the recent turning of co-defendant or a change in the law. It instead, recasts facts known since at least the date of the initial Indictment to expand the dates of the conspiracy all to the unjustifiable detriment of the defendant and his defense.

The Court should strike this Superseding Indictment or in the alternative, grant a continuance of trial.

**ARGUMENT**

The defendant well understands that "Superseding Indictments are permitted so long as the filing of the subsequent indictment does not prejudice or harass a defendant." United States v. Gigante, 982 F. Supp. 140, 155 (E.D.N.Y. 1997), aff'd, 166 F.3d 75 (2d Cir. 1999). Nonetheless, the defendant submits that the granting of the defendant's Motion to Strike is warranted as the decision to supersede less than a week before trial is both unjustifiable as to time and prejudicial as to affect. The government has had ample time and opportunity to submit the defendant's case to a grand jury for consideration in the months since his initial indictment. Apparently the Court's status conferences and scheduling orders designed to prepare a particular prosecution for trial were an exercise in futility as the government determined that it was appropriate to only now, days before jury selection, to supersede. The change in charges prejudices the defendant's ability to mount a defense and the government should be precluded from using their prosecutorial authority as a tactical weapon.

If the Court determines that the defendant's Motion to Strike is unavailing, the defendant respectfully moves that the Court grant a continuance of trial so that the defendant can determine what effect the Superseding Indictment has on his trial defense. Where a defendant is prejudiced by the filing of a superseding indictment in close proximity to trial, the settled remedy is to grant a continuance. See, e.g., United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985) ("The authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant."); *but see* United States v. McGee, 564 F3d 136 (2d Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's Motion to Strike the Superseding Indictment or in the alternative, grant the defendant a continuance of the trial date.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
**LEIBYS MERCEDES**

BY__/s/ Bruce D. Koffsky___
Bruce D. Koffsky, Esq.
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, Ct  06905
Tel.: 203-327-1500
Fax: 203-327-7660
bkoffsky@snet.net

## **CERTIFICATION**

THIS IS TO CERTIFY that on June 5, 2018 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_/s/ Bruce D. Koffsky__
Bruce D. Koffsky