## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | I | Case No. 17-CR-419 (KMK) |
| | I | |
| V. | I | |
| | I | |
| LEIBYS MERCEDES, | I | |
| | I | |
| Defendant | I | |

----------------------------------------

# DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S MOTION IN LIMINE REGARDING FRE 404(b) EVIDENCE

The Defendant, LEIBYS MERCEDES, through undersigned counsel, objects to the government's motion in limine requesting permission to offer evidence under Federal Rule of Evidence 404(b).

On or about September 7, 2018, the government filed a motion, in limine, seeking permission of the Court to admit evidence that: "(i) from approximately December 1, 2015 through December 15, 2015, Mercedes was housed at the Bronx RRC and had Coleman as his cellmate; (ii) from on or about January 15, 2016 through his arrest in this case, Mercedes was on federal supervised release following a federal conviction in the District of Jersey; (iii) on March 1, 2017, Mercedes was arrested by the NYPD on charges of unlawfully possessing a firearm in a white sedan that Mercedes was driving (the "Gun Arrest"); (iv) on April 19, 2017, Mercedes was arrested by the NYPD on charges of having stabbed a male (the "Assault Arrest"); and (v) on May 10, 2017, as a result of the Gun Arrest, Mercedes was arrested for violating the terms of his federal

supervised release (the "Federal Arrest") and was detained in the District of New Jersey until a hearing was held on May 15, 2017, at which time he was granted bail."

The government asserts that the above described evidence is direct evidence of the defendant's participation in the alleged conspiracy and is admissible to prove that Mercedes is the heroin supplier and that he is the person referred to as "Celly" during a conversation between two others, intercepted by Wiretap.

The defendant respectfully submits that the proposed evidence are not admissible because they are not relevant on the government's direct case and even if they are, they are still not admissible because they are far more prejudicial than they are probative and the result sought by the Government can be more appropriately obtained by a stipulation.

Pursuant to FRE 401, evidence is relevant if it has a tendency to make a fact more or less probable and that fact is of consequence in determining the action. By this definition, on its face, evidence of three other arrests for crimes with which the defendant is not being charged with on this indictment and evidence of the fact that the defendant was previously incarcerated, are not relevant to the issue of whether the defendant committed the crime charged in the current indictment. The Government argues that evidence of these three prior arrests and incarceration will show that defendant Leibys Mercedes is the person referred to as "Celly" in certain conversations captured by wiretap and that is enough to make them relevant, but even then, such evidence will still be proscribed pursuant to FRE 403 because its probative value is substantially outweighed by a danger of unfair prejudice and it is very likely to mislead the jury. The evidence is also prohibited character evidence pursuant to FRE 404(b)(1).

Under FRE Rule 403, the District Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. United States v. Morgan, 786 F. 3d 227, 232 (2d Cir. 2015). The Supreme Court has held that a trial court abuses its discretion when, in a prosecution for possession of a handgun by a felon, it admits evidence of the name or nature of the defendant's prior conviction despite the defendant's offer to stipulate to his or her felon status. See Old Chief v. United States, 177 S. Ct. 644 (1997).

Under Rule 404(b) "other act" evidence is not admissible to prove the character of a person in order to show action in conformity therewith. "The treshold inquiry a court must make before admitting similar act evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character". Huddleston v. United States, 485 U.S. 681, 686 (1988). Under the Second Circuits "inclusionary" approach to Rule 404(b), other act evidence can be admitted for any purpose other than to demonstrate criminal propensity. United States v. Scott, 677 F. 3d 72 (2d Cir. 2004). However, such evidence must be admitted for proper purposes and must be relevant to a disputed issue in the case. United States v. LaFlam, 369 F. 3d 153, 156 (2d Cir. 2004).

In this case, the admission of the evidence would be improper pursuant to Rule 403, and the evidence does not relate to a material issue in dispute, and can be resolved by an appropriate stipulation. Even if the Court were to determine that this is proper evidence under Rule 404(b), the Court must still balance the prejudicial nature of the evidence against its probative value, Huddleston v. United States, 485 U.S. 681, at 691. This rule is essentially the same as Rule 403's balancing test; balancing the probative

value of such evidence against its prejudicial effect. To exclude evidence under the rule, the "prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." United States v. Quattrone, 441 F. 3d 153, 186 (2d Cir. 2006), quoting United States v. Figueora, 618 F. 2d 934, 943 (2d Cir. 1980). See also Old Chief v. United States, 519 U.S. 172, 180 (1997) " 'unfair prejudice' ….. speaks to the capacity of some concededly relevant evidence to lure the fact finder indo declaring guilty on a ground different from proof specific to the offense charged".

For the foregoing reasons, the defendant, Leibys Mercedes, respectfully request that the Government's motion to be allowed to introduce evidence of three prior arrests and his previous incarceration, should be denied.

September 28, 2018

Respectfully submitted,

/s/ Chukwuemeka Nwokoro
Chukwuemeka Nwokoro
Nwokoro & Scola, Esquires
For Defendant Leibys Mercedes
30 Broad Street, Suite 1424
New York, NY 10004
Tel: 212-785-1060
Fax: 212-785-1066
Emekanwokoro101@yahoo.com

## **CERTIFICATION**

THIS IS TO CERTIFY that on September 28, 2018, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept service by electronic filing). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ Chukwuemeka Nwokoro
Chukwuemeka