UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– v. –

LEIBYS MERCEDES,
    a/k/a "Celly,"

        Defendants.

---

17 Cr. 419 (KMK)

 

**THE GOVERNMENT'S REPLY TO ITS MOTION *IN LIMINE* REGARDING
APPLICATION OF FEDERAL RULE OF EVIDENCE 404(b) TO CERTAIN EVIDENCE**

 

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Samuel L. Raymond
Daniel Loss
Michael D. Maimin
Assistant United States Attorneys
 *- Of Counsel -*

**TABLE OF CONTENTS**

I.      Preliminary Statement................................................................................................. 1

II.     Discussion ................................................................................................................... 2

        A.      Admission of the Direct Evidence ....................................................................... 2

                1.      The Direct Evidence is Relevant, and is Admissible under Rule 403
                        ................................................................................................................ 2

                2.      Mercedes Has Not Agreed, Even in Principle, to Stipulations Upon
                        Which He Relies in his Opposition................................................................ 3

        B.      This Court Should Admit Mercedes's Prior Convictions ...................................... 4

III.    Conclusion ................................................................................................................... 5

I.      **Preliminary Statement**

The Government respectfully submits this reply regarding its 404(b) Motion (Docket

Entry 111) (the "Motion"), through which the Government sought to introduce at trial five specific

pieces of evidence:

> (1)    from sometime in October 2015 until sometime in December 2015, Mercedes was housed at the Bronx RRC and had Christopher Coleman as his cellmate[1];
>
> (2)    Mercedes was on supervised release during the pendency of the conspiracy charged in the Indictment;
>
> (3)    the Gun Arrest (as defined in the Motion) occurred on March 1, 2017;
>
> (4)    the Assault Arrest (as defined in the Motion) occurred on April 19, 2017; and
>
> (5)    the Federal Arrest (as defined in the Motion) occurred on May 10, 2017, and Mercedes was detained in the District of New Jersey until a hearing was held on May 15, 2017, at which time he was granted bail

(collectively, the "Direct Evidence"). The Government also sought to admit evidence of

Mercedes's prior narcotics convictions to the extent he raises certain defenses at trial.

Mercedes' memorandum outlining his objections to the Direct Evidence (Docket

Entry 123) (the "Opposition") neither addresses the obvious relevance of the Direct Evidence

---

[1] In its Motion, the Government stated, based on prior discussions with a staff attorney with the Bureau of Prisons, that the two shared a cell from December 1, 2015 to December 15, 2015. The Government learned on or about September 28 from the facility director at the RRC that the two actually shared a cell from on or about October 15, 2015 until December 2, 2015; the Government proposes that this date change is not relevant, because, as argued in the Motion, the relevant fact is that the two "were cellmates before the charged narcotics conspiracy," which "directly explains the moniker 'Celly.'" Motion at 11.

beyond a broad-swath denial of that relevance, nor does it explain why "the probative value [of the Direct Evidence] is substantially outweighed by a danger of one or more of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Mercedes's suggestion that the issues raised in the Motion instead "be resolved by an appropriate stipulation" has no merit, given not only that the Government is not required to stipulate to any of the Direct Evidence, but, more importantly, that Mercedes has not agreed to enter into an "appropriate stipulation[s]" in the first place, which could obviate the need to prove Mercedes' identity as the individual referenced as "Celly" in Sessions 2212 and 3110, as described in the Motion. The Court should thus allow the Government to introduce all of the proposed Direct Evidence.

Mercedes does not even address the admissibility of his prior convictions. Accordingly, the Court should admit evidence of Mercedes' prior convictions as part of the Government's case-in-chief.

## II.     Discussion

### A.     Admission of the Direct Evidence

#### 1.     The Direct Evidence is Relevant, and is Admissible under Rule 403

Mercedes raises two arguments: that the Direct Evidence is not relevant, and that even if it is, it is highly prejudicial.

Mercedes simply asserts, without explanation, that the Direct Evidence is "not relevant to the issue of whether the defendant committed the crime charged in the current indictment." (Opposition 2). However, as explained in the Motion, the Direct Evidence tends to make it more probable that, when Coleman refers to "Celly" on a recorded call, he is referring to his former

2

cellmate, Mercedes, and when a man speaking with Coleman calls himself "Celly's brother," he is Mercedes's brother. Fed. R. Evid. 401.

Nor is the clearly probative value of the Direct Evidence substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. As discussed in the Motion, the Direct Evidence, and Mercedes' arrests based on alleged possession of a firearm and alleged assault are not "any more sensational or distributing" than acting as a supplier to a serious heroin trafficking conspiracy. *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (citations omitted). Instead, the Direct Evidence is simply "highly probative of guilt," and by its nature "prejudicial to the interests of that defendant." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (citations omitted). Mercedes cites *Old Chief v. United States*, 519 U.S. 172 (1997), for the proposition that the Government should agree to stipulations in place of direct evidence. (Opposition 3). Putting aside that Mercedes has not agreed to stipulate away the issues underlying the Direct Evidence, Mercedes is wrong. By its own terms, *Old Chief* applies in the unique situation of the "peculiarities of the element of felony-convict status and of admissions and the like when used to prove it." 519 U.S. at 191; *see also*, *e.g.*, *Herndon v. United States*, 359 F. App'x 241, 242 (2d Cir. 2010) (explaining that, under *Old Chief*, the Government "generally has the right to present evidence" except "under 'limited circumstances.'").

### 2. Mercedes Has Not Agreed, Even in Principle, to Stipulations Upon Which He Relies in his Opposition

Mercedes suggests that, instead of admitting the Direct Evidence, the issues raised should be addressed by "appropriate stipulation." (Opposition 3). That was, indeed, the approach taken by Mercedes's prior counsel, after the Government filed a motion *in limine* regarding the application of Rule 404(b) before Mercedes's first trial date. (Docket Entry 52). Mercedes did not

oppose that motion; rather, the parties agreed in principle to stipulate that: (i) Mercedes was known as "Celly" to Christopher Coleman; (ii) Coleman and Mercedes have known each other since at least December 2015; (iii) Christopher Coleman used the telephone number ending in 1208 (as described in the Motion); and (iv) Mercedes used the telephone numbers ending in 8315 and 3710 (as described in the Motion).

Since obtaining new counsel, Mercedes has not agreed, even in principle, to such stipulations. Rather, Mercedes has only agreed, in principal, to stipulate that he used one telephone number. This is a far cry from the "appropriate stipulations" Mercedes tells this Court the Government ought to use in place of admissible evidence.

**B.      This Court Should Admit Mercedes's Prior Convictions**

Similar acts are admissible unless the defendant disclaims any defense of intent or knowledge. (*See* Motion 15–16; Fed. R. Evid. 404(b)). Here, Mercedes has not only not disclaimed such defenses; he has propounded them. Mercedes has told both the Court and the Government that he will affirmatively argue that the intercepted conversations involved marijuana, not heroin. In other words, he did not intend to distribute heroin and he did not know that Coleman was moving heroin with him. Because the charged conduct and the conduct underlying Mercedes's two prior federal narcotics-distribution felony convictions—one for cocaine and one for heroin—the Court can and should admit evidence of the prior convictions. Mercedes does not argue otherwise in his Opposition.

**III.     Conclusion**

For the foregoing reasons, the Court should grant the Government's motions *in limine*.


Dated:  White Plains, New York
        October 5, 2018


                                        Respectfully submitted,
                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York

                              By:       /s Samuel L. Raymond
                                        Samuel L. Raymond
                                        Daniel Loss
                                        Michael D. Maimin
                                        Assistant United States Attorneys
                                        (914) 993-1946 / 1952