

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

October 24, 2018

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:   *United States v. Leibys Mercedes*,
                S2 17 Cr. 419 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter to supplement its motion to preclude cross-examination of certain law enforcement witnesses related to certain issues. (Docket Entry 132, 12–18). On October 18, 2018, at a pre-trial conference, the Court asked the Government to provide additional details about disciplinary proceedings involving Yonkers Detective Robert McLaughlin and NYPD Sergeant Michael Wren. (10/18/18 Tr. 84–85).[1]

- **Detective McLaughlin**. The Yonkers Police Department's Internal Affairs Division ("IAD") investigated administrative complaints regarding three arrests involving Detective McLaughlin:

  - Detective McLaughlin helped execute an arrest as the backup officer. The arrestee claimed the arresting officers used excessive force. IAD interviewed Detective McLaughlin regarding the conduct of the primary arresting officers.

  - Detective McLaughlin executed an arrest. The arrestee claimed Detective McLaughlin used excessive force.

---

[1] The Court also asked for additional information about NYPD Detective John Soto. Detective Soto is currently on vacation, and so was unavailable to talk to the Government. The Government will provide the requested information before calling Detective Soto to the stand.

Hon. Kenneth M. Karas
October 24, 2018
Page 2 of 2

- Detective McLaughlin helped execute an arrest. The arrestee claimed the arresting officers used excessive force.[2]

The IAD found all three of these administrative complaints to be unsubstantiated.

- **Sergeant Wren**. The NYPD's Civilian Complaint Review Board (the "CCRB") asked questions of Sergeant Wren regarding a claim of excessive force. Sergeant Wren does not remember if the claim related to himself or to other officers. However, in any event, no CCRB complaint was substantiated against Sergeant Wren.

For the reasons set forth in the Government's motion, there is no legal basis for Mercedes to cross-examine Detective McLaughlin or Sergeant Wren about these unsubstantiated administrative complaints—which all involve allegations of excessive force, and not dishonesty—and the Court should preclude any such cross-examination.

Please do not hesitate to contact us with any questions or concerns.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by:    /s Samuel L. Raymond
    Samuel L. Raymond
    Daniel Loss
    Michael D. Maimin
    Assistant United States Attorneys
    (914) 993-1946 / 1924 / 1952

cc: Chukwuemeka Nwokoro, Esq. (by electronic mail)

---

[2] The arrestee also sued the arresting officers, including Detective McLaughlin, and the city of Yonkers. The case was settled without an admission or finding of liability. (Docket Entry 132 at 13). The Court discussed the admissibility of cross-examination about this case. (10/18/18 Tr. 80–84).