UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 17-CR-419 (KMK) |
| V. | |
| LEIBYS MERCEDES, | |
| Defendant | |

------------------------------------

# DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL

The Defendant, LEIBYS MERCEDES, through undersigned counsel, respectfully moves, Pursuant to the Federal Rules of Criminal Procedure, 29 (c) for a judgment of acquittal vacating the jury verdict of "guilty" because the evidence was insufficient to sustain a conviction. A memorandum in support of this application is filed herewith and made a part hereof.

December 1, 2018

Respectfully submitted,

/s/ Chukwuemeka Nwokoro
Chukwuemeka Nwokoro
Nwokoro & Scola, Esquires
For Defendant Leibys Mercedes
30 Broad Street, Suite 1424
New York, NY 10004
Tel: 212-785-1060
Fax: 212-785-1066
[email illegible]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 17-CR-419 (KMK) |
| V. | |
| LEIBYS MERCEDES, | |
| Defendant | |

------------------------------------

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A JUDGMENT OF ACQUITTAL

The defendant, LEIBYS MERCEDES, through undersigned counsel, respectfully submits this Memorandum of Law in support of his motion, pursuant to Fed. Rul. Crim. Proc. 29(c), for a judgment of acquittal after a jury verdict that found the defendant guilty upon insufficient evidence.

## STATEMENT OF RELEVANT FACTS

The Second Superseding Indictment, filed on September 9, 2018, contains a single count charging the defendant as follows;

" 1. From at least in or about January 2017 up to and including in or about July 2017, in the Southern District of New York and elsewhere, Leiby's Mercedes, a/k/a "Celly" the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that Leibys Mercedes, a/k/a "Celly" the defendant, and others known and unknown, would distribute, and possess with the intent to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that Leibys Mercedes, a/k/a "Celly" the defendant, conspired to distribute and to possess with the intent to distribute was 100 grams and more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

During the trial, the bulk of the evidence submitted by the prosecution related to the drug dealing activities of Christopher Coleman and Jonathan Acquino. According to the evidence, Coleman was a middle level supplier of Heroin who sold Heroin to Acquino who then sold the same drugs to end users on the street. Coleman also sold Heroin to end users and Coleman also sold other drugs to end users including marijuana and crack cocaine. A six-month investigation involving Title III wiretaps and surveillance of Coleman and Acquino culminated with the arrest of both Coleman and Acquino on July 7, 2017. 153 grams of Heroin was found in Coleman's residence at the time of the arrest. Acquino was also arrested while in possession of 10 bundles of heroin. In their opening statements, the Government proposed to show that Coleman was a mid-level distributor who had two heroin suppliers one of whom was defendant Leiby's Mercedes, however, the government produced no direct evidence that Mercedes actually supplied Heroin to Coleman. The sum of the evidence against Mercedes is as follows. Mercedes shared a cell with Coleman at a halfway house in the Bronx, and was known to Coleman as "Celly". "Celly" was heard on a recorded telephone conversation with Coleman

discussing the fact that Coleman owed "Celly" money. The government produced multiple circumstantial evidence to show that "Celly" was Leibys Mercedes. The government introduced evidence of a recorded telephone conversation between Coleman and Acquino where Coleman told Acquino that he owes $1,300.00 to a supplier; a recorded conversation between "Celly" and Coleman where Coleman discussed giving "Celly" a "rack" (according to the government's expert witness, a rack equals one thousand dollars); a recorded telephone conversation between Coleman and "Celly" where they discuss that Coleman "has a couple of bands" for Celly (according to the government's expert witness, a couple of bands equals two thousand dollars).

Except for the evidence summarized above, the only other evidence produced by the government to show that Mercedes was Coleman's Heroin supplier is the testimony of Lisa Henderson. Henderson is Coleman's partner who lived with Coleman and helped Coleman sell drugs. Henderson was arrested along with Coleman and charged with conspiracy to possess and distribute narcotics. She then entered into an agreement with the government that allowed her to avoid jail time if she testified against Mercedes. Henderson testified that Coleman had two Heroin suppliers, "O" a supplier from Newburgh, New York and "Celly", who was a Heroin Supplier from the Bronx. She accompanied Coleman three times to the Bronx to meet this Bronx supplier. However, each time, she did not actually see the supplier or see the transaction, because each time, that individual would pull up in a car, and Coleman would get in that car and the car would drive around the bloc. Ms. Henderson testified that during these trips, Coleman would bring between $8,000 and $10,000 in cash.

Ms. Henderson further testified that Coleman told her that "Celly" was the Bronx Heroin Supplier, and that one day, "Celly" came to her home and was briefly introduced to her by Coleman as she was coming home and Coleman was walking "Celly" to the door. And Coleman stated "Celly, this is my girlfriend, Lisa". Finally, Ms. Henderson identified defendant Leibys Mercedes in Court, as the person who was introduced to her as "Celly" by Coleman.

## ARGUMENT

### The Evidence Is Insufficient To Prove Conspiracy

The evidence described above does not sufficiently show the participation of defendant Mercedes in a conspiracy, with Coleman and Acquino, to possess heroin and to possess heroin with intent to distribute. To prove a conspiracy, the government must show "mutual dependence among the participants, a common aim or purpose or a permissible inference from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture". United States v. Williams, 205 F. 3d 23, 33 (2d Cir. 2000). The court must determine whether the conspiracy was a "single enterpise" United States v. Cambindo Valencia, 609 F. 2d 603, 623 (2d Cir. 1979. To make this evaluation courts evaluate "the degree of connection between each alleged co-conspirator and the enterprise as a whole".

The evidence adduced by the government did not show that Coleman purchased illegal drugs from Mercedes and was utterly insufficient to show that Mercedes joined in a conspiracy to distribute Heroin. The essence of conspiracy is agreement among two or more persons to join in a concerted effort to accomplish an illegal purpose. United States

v. Bayer, 331 U.S. 532, 542 (1947). To prove a conspiracy, the evidence must show that two more persons agreed to participate in a joint venture intended to commit an unlawful act. United States v. Desimone, 119 F. 3d 217, 223 (2d Cir. 1997). To be a member of a conspiracy, one must, "in some sense promote the illegal venture himself, make it his own, have a stake in its outcome". United States v. Falcone, 109 F. 2d 579, 581 (2d Cir. 1940). Simply put, the testimony of Lisa Henderson was insufficient to connect Leibys Mercedes to the Coleman/Acquino conspiracy to distribute Heroin.

The Evidence Is Insufficient To Show Possession

Based on the above evidence recited in the statement of relevant facts above, the government sought for and procured a conviction of defendant Mercedes as having been involved in a conspiracy with Coleman and Acquino to distribute Heroin, and possess Heroin with intent to distribute and the 153 grams of Heroin that was recovered from Coleman's residence upon his arrest was attributed to Mercedes. Essentially, this portion of the motion seeks a judgment of acquittal vacating the guilty verdict because the government did not produce sufficient evidence at trial, to attribute the Heroin found on Coleman, to Mr. Mercedes.

Mr. Mercedes was charged with a single count of conspiring to possess and to possess with intent to distribute, 100 grams or more of Heroin, in violation of 21 U.S.C. Section 841(a)(1) and 21 U.S.C. Section 841(b)(1)(B). An essential element of this offense is possession with intent to distribute. In finding Mr. Mercedes guilty, the jury found, based essentially on the testimony of Lisa Henderson, that Mercedes possessed with intent to distribute, the 153 grams of Heroin that was found in Coleman's residence,

or in the alternative. Or alternatively, the jury attributed to Mercedes, based on Henderson's testimony, the heroin equivalent of "$8,000 - $10,000" multiplied by three trips. The evidence is insufficient to sustain the conviction on this score.

Clearly, no direct evidence was produced at trial connecting Mercedes to the Heroin that was found at Coleman's residence, rather the government relied on circumstantial evidence and the theory of constructive possession. However, constructive possession only "exists when a person has the power and intention at a given time to exercise dominion and control over an object, either directly or through others" United States v. Pelusio, 725 F. 2d 161, 167 (2d Cir. 1983). See also United States v. Payton, 159 F. 3d 49, 56 (2d Cir. 1998).

Even when seen in the light most favorable to the government as required by Jackson v. Virginia, 443 U.S. 307, 318-319 (1979), the testimony of Lisa Henderson and other evidence produced were insufficient to show that the 153 grams of Heroin found on Coleman was attributable to Mercedes, and thus was insufficient to sustain the conviction.

Respectfully submitted,

/s/ Chukwuemeka Nwokoro
Chukwuemeka Nwokoro
Nwokoro & Scola, Esquires
For Defendant Leibys Mercedes
30 Broad Street, Suite 1424
New York, NY 10004
Tel: 212-785-1060
Fax: 212-785-1066

**By ECF**
Samuel Raymond
Daniel Loss, and
Michael Maimin
Assistant United States Attorneys