From: Mr. Leibys Mercedes, #24547-050　　　　　　　　　　January 18th, 2022
　　　　Federal Medical Center Devens
　　　　P.O. Box 879
　　　　Ayer, Massachusetts 01432　　　　　　　**MEMO ENDORSED**

To: The Honorable Kenneth M. Karas
　　United States District Judge
　　Southern District of New York　　　　　*419*

RE: <u>United States v. Mercedes</u>, Case No. 17-CR-~~416~~ - Request for Reconsideration

Judge Karas,

　　I am writing your Honor today requesting the Court reconsider its findings, regarding my Motion For Compassionate Release (Dkt. No. 259), pursuant to Federal Rules of Civil Procedures Rule 59(a)(2) & Rule 60(b)(3).

1.　TIMELINESS:

　　Petitioner Mercedes, through inmate assistance, respectfully requests this Court deem this instant submission as timely filed for good cause, based on Petioner being served the Courts Order of denial on 12/24/2021. Additionally, Petitioner Mercedes, pursuant to FMC-Devens Modified Operational Schedule, is permitted only 1½ hours a week access to the law library. For the foregoing Mercedes respectfully requests this Honorable Court, for a showing of good cause, accept this instant letter motion for reconsideration, pursuant to FRCP 59(e) as timely filed.

2.　MISREPRESENTATIONS MADE BY THE GOVERNMENT:

　　Petitioner Mercedes argues this Court should reconsider its findings, based on factual misrepresentations made by the Governemnt. Pursuant to FRCP 60(b)(3) this Court can grant Mercedes "relief from a judgement," based on "fraud (whether previously called intrinsic or extrinsic), <u>misrepresentation</u>, or misconduct by an opposing party;" <u>Id</u>. FRCP 60(b)(3). If the following misrepresentations were corrected, Petitioner Mercedes argues this Court's determination would have been different.

A.　Mercedes Weight/BMI:

　　The Government has falsely asserted Mercedes' Body Mass Index is under 30%. This misrepresentation may have been knowing or not, but the Government falsly

asserts "Mercedes' ... is 70 inches tall ..." This is false. When Mercedes was measured for height upon entering the Federal Bureau of Prisons, he was wearing his prison issued boots, thus altering his height by $1\frac{1}{2}$ inches. Mercedes true height is 68.5 inches, combined with his current weight of 205lbs., Mercedes Body Mass Index is 30.713 (4692.25 divided by 205 x 703 = 30.713)(height squared divided by weight, times 703 = BMI).

Pursuant to the CDC, Mercedes is classified as "Obese - Class I, high to very high risk. The CDC defines obese as a BMI of 30.0 or higher with "[o]besity frequently subdivided into categories." Courts have declined to find less risk of severe illness [from Covid-19] because a defendant's BMI is at the lower end of the BMI obesity range. See e.g. United States v. Moon, 501 F.Supp. 3d 731, 733 (N.D. Cal. 2020)(finding that a BMI of 30.7 increases the risk of severe disease from COVID-19); United States v. Sexton, 2021 U.S. Dist. LEXIS 104799 (W.D. Was. June 3, 2021)(finding BMI of 31.28 to be a factor increasing a defendant's vulnerability to the virus). Mercedes would further point out to the Court, under FMC-Devens modified operational schedule, Mercedes is permitted less then 4-hours a week of outdoor recreation and will only compound his weight issue. Thus, for the foregoing correction of the record, this Court should find Mercedes obesity (having a BMI of over 30%) as a valid reason for reconsideration.

B. Mercedes Is A Ex-Smoker Of Tobacco:

The Government misrepresents Mercedes "as having 'cannabis use disorder', failing to address the fact Mercedes, prior to incarceration smoked a pack of cigarettes a day for 20-years. Regardless, according to the CDC both "[b]eing a current or former cigarette smoker' and '[h]aving a weakened immune system' [or being obese] can make a person 'more likely to get severely ill from Covid-19' People With Certain Medical Conditions; CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021)." Citing United States v. Avalos, 2021 U.S. Dist. LEXIS 150600 (D. Kansas Aug. 21, 2021). The fact the Government failed to address this claim, effectively results in its concession and the fact this Court "overlooked" this data/fact is grounds for rewconsideration.

C. Cumulative Effects Of Mercedes' Conditions:

The foregoing conditions, which Mercedes suffers from, cumulatively puts him at even greater risk of experiencing severe illness from Covid-19. See

United States v. Newton, 966 F.3d 485 (7th Cir. 2021)(Suggesting that district courts should consider the risk for sever illness from Covid-19 posed by an individual's underlying health conditions cumulatively in addition to individually and finding a district court abused its discretion in concluding that a movant was not at risk when he had multiple conditions the CDC stated might increase risk of serious illness ... "district courts must base factual conclusions on record evidence; they cannot render unsupported medical opinions").

3. OMICRON And Vaccination:

Since the filing of Mercedes Motion For Compassionate Release, Covid-19 has mutated again and now the United States is confronted with OMICRON, a new more transmissible variant of Covid-19. The scientist's are at odds on whether OMICRON is more deadly but are in agreement the current vaccines are ineffective in preventing the spread of OMICRON. This new consideration, unknown at the date of this Court's ruling is a valid reason for reconsideration and supports Mercedes claims he is still vulnerable to the effects of Covid-19. One case in particular summarizes Mercedes present argument. In July of 2021, the Seventh Circuit issued its opinio n in United States v. Broadfield, 2021 U.S. App. LEXIS 21580 (7th Cir. 2021), stating:

> "3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a benefit function long after the pandemic ends. But for many prisoners who seek release based on special risks by Covid-19 for people living in close quarter, vaccines offer relief far more effective than judicial order. <u>A prisoner who can show that he is unable to receive or benefit from the vaccine still may turn to this statute</u>, but for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude the risk of Covid-19 an 'extraordinary and compelling' reason for immediate release."

In light of OMICRON's ability to circumvent the vaccines effectiveness in conjunction with Mercedes underlying medical conditions presented in the foregoing arguments he has made a preliminary showing he is "unable to [] benefit from the vaccine [and] still may turn to the statute." Id.

-3-

4. Current Conditions of Confinement Merit Reconsideration:

Since October of 2021, FMC-Devens has been repopulating to pre-pandemic numbers, by accepting roughly 200± immigration detainees from private prisons across America. This has resulted in Mercedes Unit, JA-Unit, being overcrowded. When JA-Unit was opened in the 90's it was designed to hold 64-inmates, now as a result of newly transferred inmates it holds roughly 120 inmates, making it impossible for Mercedes to socially distance, as prescribed by the CDC and in violation of President Joseph R. Biden's EXECUTIVE ORDER No. 13391 (January 21, 2020) which in relevant part states: "on-duty or on-site Federal employees, on-site Federal contractors and <u>other individuals in Federal Buildings and on Federal lands should all wear masks, maintain physical distance, and adhere to public health measures as provided in CDC Guidance</u>." The CDC specifically recommends "Implement social distancing strategies ... (ideally 6 feet between all individuals regardless of the presence of symptoms)..." Mercedes can not socially distance, as the Unit is overcrowded and he is assigned a cellmate.

Since filing Mercedes compassionate release motion, FMC-Devens has encountered several outbreaks of Covid-19, resulting in roughly 50± inmates and 30± staff contracting Covid-19 (as recent as 01/07/2022, reporting 38-inmates). On 01/16/2022, Unit Officer Flagg reported the adjacent unit, JB, had two-inmate who tested positive, and JA inmates should wear their masks. Upon information and belief no contact trace testing was performed in JB unit nor did they go into close contact quarantine as prescribed in the CDC Guidance (at 7-19). The foregoing make a compelling argument for reconsideration and compassionate release.

## CONCLUSION

Petitioner Mercedes felt it necessary to confront the misrepresentations submitted by the Government, his credibility is important and this Court needs to recognize this in evaluating this instant letter motion for reconsideration. The foregoing facts, regardless of the §3553(a) factors, make a clear showing of "extraordinary and compelling reasons" for compassionate release, and not an exaggeration of Mercedes medical conditions. Mercedes has also presented new conditions of confinement worthy of reconsideration. WHEREFORE, Mercedes requests the following relief:

1. For a showing of good cause, accept this instant letter motion as timely filed; and

2. Reconsider and/or reevaluate the facts represented in this instant submission, finding "extraordinary and compelling reasons" exist; and

3. Based on the Court's new finding and new conditions of confinement, GRANT Mercedes request for Compassionate Release; or

4. Any other relief this Honorable Court deems equitable.

I, Leibys Mercedes, do hereby declare under the penalty of perjury, pursuant to 28 U.S.C. §1746, the foregoing facts represented in this letter motion for reconsideration are true and correct to the best of Mercedes' knowledge and understanding.

Respectfully submitted,

January 18th, 2022.

*Motion is denied. The Government did not misrepresent any facts, but only reported what was in Defendant's medical records. That he self-reports a weight gain does not prove otherwise, or address the other reasons the Court denied the initial motion for compassionate release. Defendant is fully vaccinated and so even his smoking habit does not support his motion. Moreover, the Court independently denied the motion after considering the Section 3553(a) factors, which Defendant does not address at all in this motion.*
*So Ordered.    5/4/22*

Leibys Mercedes, pro se
Federal Medical Center Devens
P.O. Box 879
Ayer, Massachusetts 01432

### CERTIFICATE OF SERVICE

I, Leibys Mercedes, do hereby declare under the penalty of perjury, that on January 18, 2022, I placed in the prison mailbox a true and correct copy of the foregoing motion for reconsideration, first class postage affixed, addressed to the following:

AUSA Samuel Raymond
united States Attorney's Office
One St. Andrew's Plaza
New York, New York 10007-1703

Leibys Mercedes, #24547-050
FMC-Devens, Ayer MA 01432

Mr. Leibys Mercedes, #
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432



TO: The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York
10601